**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

VEDANTA BIOSCIENCES INC., and
THE UNIVERSITY OF TOKYO,

*Plaintiffs,*

v.

SERES THERAPEUTICS INC., NESTLÉ S.A., SOCIÉTÉ DES PRODUITS NESTLÉ S.A., NESTLÉ HEALTH SCIENCE S.A., NHSC RX LICENSE GMBH, AIMMUNE THERAPEUTICS, INC., and NESTLE HEALTHCARE NUTRITION, INC.

*Defendants.*

C.A. No. 24-00957-RGA

**PLAINTIFFS' ANSWERING BRIEF IN OPPOSITION TO DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

Dated: March 17, 2025

OF COUNSEL

Dominick A. Conde
Damien N. Dombrowski
Joshua D. Calabro
**VENABLE LLP**
151 West 42nd Street
New York, NY 10036
Tel: (212) 307-5500
dconde@venable.com
dddombrowski@venable.com
jdcalabro@venable.cmo

Daniel A. O'Brien (# 4897)
**VENABLE LLP**
1201 N. Market Street, Suite 1400
Wilmington, DE 19801
Tel: (302) 298-3523
daobrien@venable.com

*Counsel for Plaintiffs Vedanta Biosciences, Inc. and The University of Tokyo*

# TABLE OF CONTENTS

TABLE OF CONTENTS ........ ii

TABLE OF AUTHORITIES ........ iii

NATURE AND STAGE OF THE PROCEEDINGS ........ 1

SUMMARY OF ARGUMENT ........ 1

STATEMENT OF FACTS ........ 2

I. The Claimed Invention ........ 2

II. The Complaint and Vowst® ........ 3

ARGUMENT ........ 4

I. Legal Standard ........ 4

II. Plaintiffs Alleged Sufficient Facts to Plausibly Connect Vowst® to the "Induces . . . Regulatory T Cells" Limitation ........ 7

III. Plaintiffs Alleged Sufficient Facts to Plausibly Connect Vowst® to the "Clusters IV and/or XIVa" Limitation ........ 8

CONCLUSION ........ 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**


*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)....................4

*Big Apple BMW, Inc. v. BMW of N. Am., Inc.*,
974 F.2d 1358 (3d Cir. 1992)....................6

*BioMérieux, S.A. v. Hologic, Inc.*,
No. 18-21 (LPS), 2018 WL 4603267 (D. Del. Sept. 25, 2018)....................5

*Cyph, Inc. v. Zoom Video Commc'ns, Inc.*,
642 F. Supp. 3d 1034 (N.D. Cal. 2022)....................7

*DermaFocus LLC v. Ulthera, Inc.*,
201 F. Supp. 3d 465 (D. Del. 2016)....................5

*Disc Disease Sols. Inc. v. VGH Sols., Inc.*,
888 F.3d 1256 (Fed. Cir. 2018)....................6, 7

*DSM IP Assets, B.V. v. Honeywell Int'l, Inc.*,
700 F. Supp. 3d 189 (D. Del. 2023) (Bryson, J., sitting by designation)....................5

*Earin AB v. Skullcandy, Inc.*,
No. CV 24-275-RGA, 2024 WL 4791588 (D. Del. Nov. 14, 2024)....................5, 6

*Express Mobile, Inc. v. Squarespace, Inc.*,
No. 20-1163-RGA, 2021 U.S. Dist. LEXIS 161259 (D. Del. Aug. 25, 2021)....................4, 5, 6

*Nalco Co. v. Chem-Mod, LLC*,
883 F.3d 1337 (Fed. Cir. 2018)....................4, 5

*Optrascan, Inc. v. Morphle Labs, Inc.*,
No. 1:24-CV-00649-JCG, 2024 WL 4474964 (D. Del. Oct. 11, 2024)....................6

*Promos Techs., Inc. v. Samsung Elecs. Co.*,
No. CV 18-307-RGA, 2018 WL 5630585 (D. Del. Oct. 31, 2018)....................6, 7


**Court Rules**


Fed. R. Civ. P. 8(a)(2)....................4

Fed. R. Civ. P. 12(b)(6)....................1, 4, 5, 6

Plaintiffs Vedanta Biocsciences Inc. and the University of Tokyo (collectively, "Plaintiffs") respectfully submit this answering brief in opposition to the Rule 12(b)(6) motion to dismiss (D.I. 18) Plaintiffs' first amended complaint (D.I. 16) (the "Complaint") by defendants Seres Therapeutics Inc., Aimmune Therapeutics, Inc., and Nestle Healthcare Nutrition, Inc. (collectively, "Seres" or "U.S. Defendants").[1]

## NATURE AND STAGE OF THE PROCEEDINGS

Plaintiffs filed the original complaint on August 20, 2024 asserting that Seres infringes U.S. Patent Nos. 9,433,652 (the "652 patent"), 9,662,381 (the "'381 patent"), 9,808,519 (the "'519 patent"), 10,555,978 (the "'978 patent"), and 11,090,343 (the "'343 patent") (collectively, the "patents-in-suit). (D.I. 1.) Plaintiffs filed the first amended complaint on December 23, 2024 to correct the identities of the specific Nestle subsidiaries involved with Vowst®. (D.I. 16.)

## SUMMARY OF ARGUMENT

The inventors discovered, and the patents-in-suit disclose, that the spore-forming portion of bacteria that have been isolated from human fecal matter induces proliferation and/or accumulation of regulatory T cells, and contains high amounts of *Clostridium* clusters XIVa and IV. The active ingredient of Vowst® is spore-forming bacteria isolated from human fecal matter.

Seres made clear that Vowst® is a "pioneering [] new modality" (Exhibit N attached to the original complaint at 4[2]), but it was invented by Plaintiffs.

Plaintiffs' Complaint is well-pleaded and provides Seres with fair notice. The Complaint alleges plausible factual connections between Vowst® and the claim limitations at issue. That is

---

[1] The remaining Nestle defendants (Nestle S.A., Societe Des Produits Nestle S.A., Nestle Health Science S.A., and NHSc Rx License GmbH) are foreign companies. The foreign Nestle defendants refused to waive service of the Complaint and have not yet answered.

[2] All of the Exhibits cited herein were attached to either the original or first amended complaints and are properly part of the record for this Rule 12(b)(6) motion.

more than what is required at this stage. Seres's attempt to prematurely resolve this litigation on the merits should be rejected. Seres's motion implicates fact and expert discovery and claim construction, and would require the Court to make final determinations of fact and law. Seres has failed to meet the high bar for dismissal.

## STATEMENT OF FACTS

### I. The Claimed Invention

The patents-in-suit (which were attached as Exhibits A-E to the Complaint) describe treating human fecal matter to kill the bacteria that are not in a protective spore state, followed by isolating the remaining spore-forming fraction of bacteria. (*See, e.g.*, D.I. 16, Exhibit A at 41:25-42:60.) The active ingredient in the claims of the patents-in-suit is the spore-forming/purified fraction of bacteria that has been isolated from human fecal matter.

The patents-in-suit state that "the present inventors have found that a . . . spore-forming fraction of a fecal sample obtained from a mammal induces accumulation of regulatory T cells (Treg cells) in the colon. Moreover, the present inventors have found that bacteria belonging to the genus *Clostridium* induce proliferation or accumulation of regulatory T cells in the colon. . . . [which] regulate local and systemic immune responses. From these findings, the present inventors have found that the use of bacteria belonging to the genus *Clostridium*, spores thereof, or a physiologically active substance derived therefrom makes it possible to induce the proliferation or accumulation of regulatory T cells . . . ." (*Id.* at 3:20-57.)

The patents-in-suit state that "[t]he bacteria preferably belong to the cluster XIVa or the cluster IV," and "[i]n addition to the bacteria belonging to these clusters, bacteria belonging to other clusters . . . can also be used in combination." (*Id.* at 11:42-56.)

Experiments in the patents-in-suit, including *in vivo* data, show that the spore-forming portion of bacteria isolated from a sample of human fecal matter and colonized into mice (1) has

the effect of inducing proliferation and/or accumulation of regulatory T cells, and (2) contains "high amounts" of *Clostridium* clusters XIVa and IV. (*Id.* at 41:25-42:60.)

## II. The Complaint and Vowst®

The above description in the patents-in-suit of the inventors' work is also described in the Complaint, including their discovery that the spore-forming bacteria isolated from human fecal matter induces proliferation and/or accumulation of regulatory T cells. (D.I. 16 ¶¶ 38-44.) The Complaint refers to the inventors' discovery that human fecal matter has certain bacterial strains that are responsible for the induction of regulatory T cells (*Id.* ¶¶ 42-43), which as discussed above the patents-in-suit expressly identify as including *Clostridium* clusters XIVa and IV.

The Complaint describes that Vowst® is an oral pharmaceutical composition that works by adding bacteria to the intestine and is indicated for the prevention of the recurrence of *Clostridioides difficile* infection. (*Id.* ¶¶ 75-86.) The Complaint states that according to the label for Vowst® (attached as Exhibit G to the original complaint, D.I. 1) the active ingredient is live spore-forming bacterial strains that have been isolated from human fecal matter. (*Id.* ¶¶ 81-84). The label states that Vowst® is manufactured by treating human fecal matter with ethanol to kill the non-spore fraction of bacteria, followed by filtration to isolate the spore portion.[3] (*Id.*)

The Complaint also notes data in an scientific article about SER-109 (Vowst®) (attached as Exhibit I to the original complaint, D.I. 1) which confirms that Vowst® contains certain genera of bacteria. (*Id.* ¶ 85.)

Plaintiffs allege that Vowst® and/or the defendants' activities related to Vowst® directly and/or indirectly infringe the composition and method claims of the patents-in-suit. Seres was

[3] The patents-in-suit describe using chloroform, rather than ethanol, to kill the non-spore portion of bacteria isolated from human fecal matter, but make clear that chloroform is only an "example" of a treatment to isolate the spore-forming fraction. (D.I. 16, Exhibit A at 41:28-33.)

well aware of Plaintiffs' patents. (*Id.* ¶ 98.) Seres developed and manufactured Vowst®, which was approved by FDA in 2023. (*Id.* ¶¶ 9, 87-91.) Seres then licensed and sold Vowst® to Nestle which commercializes Vowst® in the United States. (*Id.* ¶¶ 18, 92-97.)

## <u>ARGUMENT</u>

As discussed below, Plaintiffs have put forth more than sufficient facts to support the counts and certainly more than a "bald assertion" that Vowst® meets these limitations. During discovery Plaintiffs may develop additional evidence (*e.g.*, direct testing of Vowst®) to further confirm infringement.

### I. Legal Standard

Complaints need only set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," along with a jurisdictional statement and demand for relief. Fed. R. Civ. P. 8(a)(2). Consequently, a Rule 12(b)(6) motion must be denied unless, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

"The 'purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits.'" *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018) (citation omitted). A claim has "facial plausibility" sufficient to withstand a motion to dismiss when it allows the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Twombly*, 550 U.S. at 555-56. "To satisfy the *Iqbal* pleading standard in a patent case, '***[s]pecific facts are not necessary***.'" *Express Mobile, Inc. v. Squarespace, Inc.*, No. 20-1163-RGA, 2021 U.S. Dist. LEXIS 161259, at *3 (D. Del. Aug. 25, 2021) (emphasis added) (quoting *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018)).

Accordingly, arguments regarding "claim construction and specific details of how the" accused products "map to each claim element" are not "properly tested" in connection with a Rule 12(b)(6) motion. *Express Mobile*, 2021 U.S. Dist. LEXIS 161259, at *5. Indeed, a complaint "need not explain how each element of an [a]sserted [c]laim is met by the [a]ccused [i]nstrumentalities." *Id.*; *see Nalco*, 883 F.3d at 1350 (***"[T]he Federal Rules of Civil Procedure do not require a plaintiff to plead facts establishing that each element of an asserted claim is met."***) (emphasis added) (citation omitted).

Further, the pleading standard is more liberal for features that cannot be verified without discovery where, as here, accused products (such as prescription medicines) are not readily available for purchase. *DSM IP Assets, B.V. v. Honeywell Int'l, Inc.*, 700 F. Supp. 3d 189, 198 (D. Del. 2023) (Bryson, J., sitting by designation) ("Honeywell does not sell its [accused] products on the open market . . . . [I]t was therefore reasonable for DSM to plead what it could without reliance on 'information and belief' pleading, and to use 'information and belief' pleading to fill in the gaps pending confirmation through discovery."); *DermaFocus LLC v. Ulthera, Inc.*, 201 F. Supp. 3d 465, 469 n.7 (D. Del. 2016) ("[I]t may not be possible for a plaintiff to describe its case-in-chief with particularity at the outset of litigation, without access to the accused [product] . . . ."); *BioMérieux, S.A. v. Hologic, Inc.*, No. 18-21 (LPS), 2018 WL 4603267, at *4 (D. Del. Sept. 25, 2018) ('Plaintiffs cannot be charged with knowing, at the time they drafted their Complaint, non-public information they could only obtain after filing suit and obtaining discovery.").

This Court has consistently denied motions to dismiss where the complaint alleged far less than Plaintiffs have alleged in this case. For example, in *Earin AB v. Skullcandy, Inc.*, No. CV 24-275-RGA, 2024 WL 4791588, at *2 (D. Del. Nov. 14, 2024), the plaintiff alleged that the defendant "has infringed . . . one or more claims, including at least claim 20, of the [asserted]

patent" by "making, using, selling, and offering for sale" the accused products, and that those products "meet all elements of at least claim 20 of the" asserted patent. *Id*. at *2 (citation omitted). The Court found those allegations—"[e]ven without [any] additional facts"—sufficient "to survive a Rule 12(b)(6) motion to dismiss." *Id.*; *see Express Mobile*, 2021 U.S. Dist. LEXIS 161259, at *5; *Optrascan, Inc. v. Morphle Labs, Inc*., No. 1:24-CV-00649-JCG, 2024 WL 4474964, at *4 (D. Del. Oct. 11, 2024); *see also Disc Disease*, 888 F.3d at 1260.

Seres applies the wrong legal standard. It asserts that Plaintiffs' "allegations lack credibility." (D.I. 19 at 11.) These arguments about "credibility" would not be appropriate at the summary judgment stage, let alone at the pleadings stage. *See Big Apple BMW, Inc. v. BMW of N. Am., Inc*., 974 F.2d 1358, 1363, 1374 (3d Cir. 1992) (finding it "inappropriate" to "make credibility determinations" when deciding a motion for summary judgment). Seres also purports to controvert the evidence supporting Plaintiffs' allegations with attorney argument. But all allegations must be accepted as true at the pleadings stage, even absent any evidentiary support. At this stage, Plaintiffs are not required to provide "[s]pecific facts," much less actual evidence, supporting infringement allegations. *Disc Disease*, 888 F.3d at 1260 (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). Indeed, by attempting to controvert the evidentiary support associated with specific claim limitations, Seres tacitly concedes that Plaintiffs satisfied the pleading standard by connecting the elements of the asserted claims to the elements of the accused products and thus providing adequate notice to Seres. *See Express Mobile*, 2021 U.S. Dist. LEXIS 161259, at *5 ("The Complaint need only give the defendant 'fair notice of what the [infringement] claim is and the ground upon which it rests.'") (quoting *Disc Disease*, 888 F.3d at 1260).

Seres's primary authority, *Promos Techs., Inc. v. Samsung Elecs. Co*., No. CV 18-307-RGA, 2018 WL 5630585, at *4 (D. Del. Oct. 31, 2018) (D.I. 19 at 9-10), only undermines their

argument. There, this Court held that "Plaintiff has sufficiently pled a claim of patent infringement for the K4B2G0846D-HCH9 2 Gb DDR3 SDRAM" products because "Plaintiff ha[d] specifically identified K4B2G0846D-HCH9 2 Gb DDR3 SDRAM as the infringing product and allege[d] that it practices each limitation of at least one claim in the [asserted] patents." The Court found, pursuant to the Federal Circuit's precedent in *Disc Disease*, that nothing more was required to withstand a motion to dismiss with respect to those products. Although the Court in *Promos* dismissed allegations of infringement with respect to a "general class" of products that had "not [been] identified by name" (*id.*), here the Complaint undisputedly names the only accused product (Vowst®), rendering inapposite the reasoning for partial dismissal in *Promos*.

Seres also misplaces reliance on *Cyph, Inc. v. Zoom Video Commc'ns, Inc.*, 642 F. Supp. 3d 1034, 1039 (N.D. Cal. 2022), where the original complaint failed to allege that "actions of Zoom's customers can be attributed to Zoom." Seres does not assert any corresponding deficiency in this case. In addition, the Court in *Cyph* denied a motion to dismiss with respect to four of the six asserted patents. With respect to the remaining two patents, it granted dismissal "with leave to amend" because the Court could not "say [amendment] would be futile." *Id.* at 1043. Thus, to the extent *Cyph* has any relevance here, it confirms that any dismissal should be without prejudice and with leave to amend.

## II. Plaintiffs Alleged Sufficient Facts to Plausibly Connect Vowst® to the "Induces . . . Regulatory T Cells" Limitation

Seres's assertion that "[t]he entirety of Plaintiffs' allegations [relating to the "induces . . . regulatory T cells" limitation] appear in paragraph 86" of the Complaint is plainly wrong. (Br. at 9.)

As described above, the Complaint and patents-in-suit provide factual support (including *in vivo* data) that the spore-forming portion of bacteria that has been isolated from human fecal

matter induces proliferation and/or accumulation of regulatory T cells. (*See, e.g.*, D.I. 16 ¶¶ 38-44, Exhibit A at 41:25-42:60.) The Complaint alleges that the Vowst® label and FDA correspondence (attached as exhibits F, G, and N to the original complaint, D.I. 1) disclose that the active ingredient in Vowst® is spore-forming bacteria that have been isolated from human fecal matter, in a manner similar to that described in the patents-in-suit. (D.I. 16 ¶¶ 81-84.) Thus, there is a plausible factual basis for Plaintiffs' allegations that the spore-forming bacteria in Vowst® induce proliferation and/or accumulation of regulatory T cells. (*Id.* ¶ 86.)

Moreover, the Complaint alleges that Vowst® increases butyrate levels, which in turn induce regulatory T cells. (*Id.*) Seres's press release (attached as Exhibit H to the original complaint, D.I. 1) states that SER-109 (Vowst®) "rapidly increased" butyrate levels. Published scientific literature (attached as Exhibit J to the original complaint, D.I. 1) connects increased butyrate levels from gut microbes to induction of regulatory T cells.[4] This additional factual allegation also plausibly connects Vowst® to the "induces . . . regulatory T cells" claim limitation.

Defendant relies on the boilerplate in the Vowst® label that "[t]he mechanism of action of VOWST has not been established." (Br. at 10.) But the label does not mention let alone refute the connection between increased butyrate and induction of regulatory T cells, and thus cannot negate the plausibility of Plaintiffs' butyrate argument.

## III. Plaintiffs Alleged Sufficient Facts to Plausibly Connect Vowst® to the "Clusters IV and/or XIVa" Limitation

As described above, the Complaint and patents-in-suit provide factual support (including *in vivo* data) showing that the spore-forming portion of bacteria that has been isolated from human

---

[4] Seres relies on some distinction between "supports" in paragraph 86 and "induces" (Br. at 11), which is baseless. The stated conclusion in the article is that "[t]hese data strongly suggest that butyrate preferentially ***induces*** $T_{reg}$ cell differentiation." (Exhibit J at 2, emphasis added.) In any event, connecting the increased butyrate levels that Seres admits are caused by Vowst® to induction of regulatory T cells is a subject for expert discovery.

fecal matter, which induces proliferation and/or accumulation of regulatory T cells, contains "high amounts" of *Clostridium* clusters XIVa and IV. (D.I. 16 ¶¶ 42-43, Exhibit A at 41:25-42:60.) The Complaint alleges that the Vowst® label and FDA correspondence (attached as exhibits F, G, and N to the original complaint, D.I. 1) disclose that the active ingredient in Vowst® is spore-forming bacteria that have been isolated from human fecal matter, in a manner similar to that described in the patents-in-suit. (D.I. 16 ¶¶ 81-84.) Thus, there is a plausible factual basis for Plaintiffs' allegations that the spore-forming bacteria in Vowst® contains *Clostridium* clusters XIVa and IV. (*Id.* ¶ 85.)

Seres focuses on the fact that the supplementary appendix to the journal article about SER-109 (Vowst®) (attached as Exhibit I to the original complaint, D.I. 1) does not mention the claimed clusters. (Br. at 13-14.) But some of the genera that the paper confirms are present in Vowst® exclusively contain species that belong to *Clostridium* clusters XIVa and IV, therefore making it highly plausible that Vowst® contains species that belong to those clusters. This data certainly makes it at least plausible that the claim limitation will be met—especially in light of the inventors' data in the patents-in-suit showing that *Clostridium* clusters XIVa and IV are prominent in spore-forming isolates of human fecal matter (again, what Vowst® is). Seres's press release (exhibit H to the original complaint, D.I. 1) confirms that SER-109 (Vowst®) contains "a diverse consortium of bacterial species . . . in the form of spores . . . . which normally live in a healthy microbiome." In any event, the scientific analysis of data about Vowst® and cluster identification is for expert discovery, not the pleadings.

## <u>CONCLUSION</u>

Plaintiffs respectfully request that the Court deny Seres's motion to dismiss.

Dated: March 17, 2025

**VENABLE LLP**

*/s/ Daniel A. O'Brien*
Daniel A. O'Brien (# 4897)
1201 N. Market Street, Suite 1400
Wilmington, DE 19801
Tel: (302) 298-3523
daobrien@venable.com

*Counsel for Plaintiffs Vedanta Biosciences, Inc. and The University of Tokyo*

OF COUNSEL

Dominick A. Conde
Damien N. Dombrowski
Joshua D. Calabro
**VENABLE LLP**
151 West 42nd Street
New York, NY 10036
Tel: (212) 307-5500
dconde@venable.com
dddombrowski@venable.com
jdcalabro@venable.cmo

**CERTIFICATE OF SERVICE**

I, Daniel A. O'Brien, hereby certify that on this 17th day of March, 2025, a copy of the foregoing document was electronically filed with the court and served via CM/ECF, on parties with counsel of record identified on the Court's docket.

*/s/ Daniel A. O'Brien*
Daniel A. O'Brien (No. 4897)