**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| VEDANTA BIOSCIENCES INC. and THE UNIVERSITY OF TOKYO,<br><br>Plaintiffs,<br><br>v.<br><br>SERES THERAPEUTICS INC., SOCIETE DES PRODUITS NESTLE S.A., AIMMUNE THERAPEUTICS, INC., and NESTLE HEALTHCARE NUTRITION, INC.,<br><br>Defendants. | ) | C.A. No. 24-957 (RGA) |

**PLAINTIFFS' ANSWER AND DEFENSES TO THE COUNTERCLAIMS OF U.S. DEFENDANTS**

Plaintiffs/Counterclaim-Defendants Vedanta Biosciences Inc. and The University of Tokyo (collectively, "Plaintiffs") hereby respond to the numbered paragraphs of the May 11, 2026, Counterclaims (D.I. 65 at 45-72, "Counterclaims") of Defendants/Counterclaim-Plaintiffs Seres Therapeutics Inc., Aimmune Therapeutics, Inc., and Nestle HealthCare Nutrition, Inc. (collectively, "U.S. Defendants") as follows:

Plaintiffs repeat and incorporate by reference each of the paragraphs of Plaintiffs' Second Amended Complaint for Patent Infringement (D.I. 64) to which "U.S. Defendants' Answer to Plaintiffs' Second Amended Complaint for Patent Infringement" (D.I. 65) purports to respond.

**GENERAL DENIAL**

Any allegation in the Counterclaims not expressly admitted by Plaintiffs is hereby denied. Plaintiffs deny that U.S. Defendants are entitled to the relief requested in their Prayer for Relief or

to any relief whatsoever. Any headings in the Counterclaims are copied herein for convenience only, and any allegations in such headings are denied.

## NATURE OF THE ACTION

1. Paragraph No. 1 contains legal conclusions and/or allegations to which no answer is required. To the extent an answer may be required, Plaintiffs admit that the U.S. Defendants purport to bring this action for a declaratory judgment of non-infringement and invalidity of U.S. Patent Nos. 9,433,652 (the "'652 patent"), 9,662,381 (the "'381 patent"), 9,808,519 (the "'519 patent"), 10,555,978 (the "'978 patent"), 11,090,343 (the "'343 patent"), 12,214,003 (the "'003 patent"), and 12,409,196 (the "'196 patent").

## THE PARTIES

2. Admitted on information and belief.

3. Admitted on information and belief.

4. Admitted on information and belief.

5. Admitted.

6. Admitted.

## JURISDICTION AND VENUE

7. Paragraph No. 7 contains legal conclusions and/or allegations to which no answer is required. To the extent an answer may be required, Plaintiffs admit that this Court has subject matter jurisdiction over the Counterclaims.

8. Paragraph No. 8 contains legal conclusions and/or allegations to which no answer is required. To the extent an answer may be required, Plaintiffs admit that this Court has subject matter jurisdiction over the Counterclaims.

9. Paragraph No. 9 contains legal conclusions and/or allegations to which no answer is required. To the extent an answer may be required, Plaintiffs admit that this Court has personal jurisdiction over Plaintiffs for purposes of this action only.

10. Paragraph No. 10 contains legal conclusions and/or allegations to which no answer is required. To the extent an answer may be required, Plaintiffs admit venue is proper in this judicial district for purposes of this action only.

## COUNT I
## (Declaratory Judgment of Non-Infringement of the '652 Patent)

11. Plaintiffs reincorporate and re-allege each of the preceding paragraphs as if fully set forth herein.

12. Paragraph No. 12 contains legal conclusions and/or allegations to which no answer is required. To the extent an answer may be required, Plaintiffs admit that there is an actual controversy between U.S. Defendants and Plaintiffs regarding Count I of the Counterclaims. Plaintiffs otherwise deny the remaining allegations in Paragraph No. 12.

13. Denied.

14. Paragraph No. 14 contains legal conclusions and/or allegations to which no answer is required. To the extent an answer may be required, Plaintiffs refer to the '652 patent for the contents thereof. Plaintiffs otherwise deny the remaining allegations in Paragraph No. 14.

15. Denied.

16. Denied.

## COUNT II
## (Declaratory Judgment of Invalidity of the '652 Patent)

17. Plaintiffs reincorporate and re-allege each of the preceding paragraphs as if fully set forth herein.

18. Paragraph No. 18 contains legal conclusions and/or allegations to which no answer is required. To the extent an answer may be required, Plaintiffs admit that there is an actual controversy between U.S. Defendants and Plaintiffs regarding Count II of the Counterclaims. Plaintiffs otherwise deny the remaining allegations in Paragraph No. 18.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied. Plaintiffs are not seeking judgment that the ’652 patent is invalid.

**COUNT III**
**(Declaratory Judgment of Non-Infringement of the ’381 Patent)**

24. Plaintiffs reincorporate and re-allege each of the preceding paragraphs as if fully set forth herein.

25. Paragraph No. 25 contains legal conclusions and/or allegations to which no answer is required. To the extent an answer may be required, Plaintiffs admit that there is an actual controversy between U.S. Defendants and Plaintiffs regarding Count III of the Counterclaims. Plaintiffs otherwise deny the remaining allegations in Paragraph No. 25.

26. Denied.

27. Paragraph No. 27 contains legal conclusions and/or allegations to which no answer is required. To the extent an answer may be required, Plaintiffs refer to the ’381 patent for the contents thereof. Plaintiffs otherwise deny the remaining allegations in Paragraph No. 27.

28. Denied.

29. Denied.

**COUNT IV**
**(Declaratory Judgment of Invalidity of the ’381 Patent)**

30. Plaintiffs reincorporate and re-allege each of the preceding paragraphs as if fully set forth herein.

31. Paragraph No. 31 contains legal conclusions and/or allegations to which no answer is required. To the extent an answer may be required, Plaintiffs admit that there is an actual controversy between U.S. Defendants and Plaintiffs regarding Count IV of the Counterclaims. Plaintiffs otherwise deny the remaining allegations in Paragraph No. 31.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied. Plaintiffs are not seeking judgment that the ’381 patent is invalid.

**COUNT V**
**(Declaratory Judgment of Non-Infringement of the ’519 Patent)**

37. Plaintiffs reincorporate and re-allege each of the preceding paragraphs as if fully set forth herein.

38. Paragraph No. 38 contains legal conclusions and/or allegations to which no answer is required. To the extent an answer may be required, Plaintiffs admit that there is an actual controversy between U.S. Defendants and Plaintiffs regarding Count V of the Counterclaims. Plaintiffs otherwise deny the remaining allegations in Paragraph No. 38.

39. Denied.

40. Paragraph No. 40 contains legal conclusions and/or allegations to which no answer is required. To the extent an answer may be required, Plaintiffs refer to the '519 patent for the contents thereof. Plaintiffs otherwise deny the remaining allegations in Paragraph No. 40.

41. Denied.

42. Denied.

**COUNT VI**
**(Declaratory Judgment of Invalidity of the '519 Patent)**

43. Plaintiffs reincorporate and re-allege each of the preceding paragraphs as if fully set forth herein.

44. Paragraph No. 44 contains legal conclusions and/or allegations to which no answer is required. To the extent an answer may be required, Plaintiffs admit that there is an actual controversy between U.S. Defendants and Plaintiffs regarding Count VI of the Counterclaims. Plaintiffs otherwise deny the remaining allegations in Paragraph No. 44.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied. Plaintiffs are not seeking judgment that the '519 patent is invalid.

**COUNT VII**
**(Declaratory Judgment of Non-Infringement of the '978 Patent)**

50. Plaintiffs reincorporate and re-allege each of the preceding paragraphs as if fully set forth herein.

51. Paragraph No. 51 contains legal conclusions and/or allegations to which no answer is required. To the extent an answer may be required, Plaintiffs admit that there is an actual

controversy between U.S. Defendants and Plaintiffs regarding Count VII of the Counterclaims. Plaintiffs otherwise deny the remaining allegations in Paragraph No. 51.

52. Denied.

53. Paragraph No. 53 contains legal conclusions and/or allegations to which no answer is required. To the extent an answer may be required, Plaintiffs refer to the ’978 patent for the contents thereof. Plaintiffs otherwise deny the remaining allegations in Paragraph No. 53.

54. Denied.

55. Denied.

**COUNT VIII**
**(Declaratory Judgment of Invalidity of the ’978 Patent)**

56. Plaintiffs reincorporate and re-allege each of the preceding paragraphs as if fully set forth herein.

57. Paragraph No. 57 contains legal conclusions and/or allegations to which no answer is required. To the extent an answer may be required, Plaintiffs admit that there is an actual controversy between U.S. Defendants and Plaintiffs regarding Count VIII of the Counterclaims. Plaintiffs otherwise deny the remaining allegations in Paragraph No. 57.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied. Plaintiffs are not seeking judgment that the ’978 patent is invalid.

**COUNT IX**
**(Declaratory Judgment of Non-Infringement of the '343 Patent)**

63. Plaintiffs reincorporate and re-allege each of the preceding paragraphs as if fully set forth herein.

64. Paragraph No. 64 contains legal conclusions and/or allegations to which no answer is required. To the extent an answer may be required, Plaintiffs admit that there is an actual controversy between U.S. Defendants and Plaintiffs regarding Count IX of the Counterclaims. Plaintiffs otherwise deny the remaining allegations in Paragraph No. 64.

65. Denied.

66. Paragraph No. 66 contains legal conclusions and/or allegations to which no answer is required. To the extent an answer may be required, Plaintiffs refer to the '343 patent for the contents thereof. Plaintiffs otherwise deny the remaining allegations in Paragraph No. 66.

67. Denied.

68. Denied.

**COUNT X**
**(Declaratory Judgment of Invalidity of the '343 Patent)**

69. Plaintiffs reincorporate and re-allege each of the preceding paragraphs as if fully set forth herein.

70. Paragraph No. 70 contains legal conclusions and/or allegations to which no answer is required. To the extent an answer may be required, Plaintiffs admit that there is an actual controversy between U.S. Defendants and Plaintiffs regarding Count X of the Counterclaims. Plaintiffs otherwise deny the remaining allegations in Paragraph No. 70.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied. Plaintiffs are not seeking judgment that the ’343 patent is invalid.

**COUNT XI**
**(Declaratory Judgment of Non-Infringement of the ’003 Patent)**

76. Plaintiffs reincorporate and re-allege each of the preceding paragraphs as if fully set forth herein.

77. Paragraph No. 77 contains legal conclusions and/or allegations to which no answer is required. To the extent an answer may be required, Plaintiffs admit that there is an actual controversy between U.S. Defendants and Plaintiffs regarding Count XI of the Counterclaims. Plaintiffs otherwise deny the remaining allegations in Paragraph No. 77.

78. Denied.

79. Paragraph No. 79 contains legal conclusions and/or allegations to which no answer is required. To the extent an answer may be required, Plaintiffs refer to the ’003 patent for the contents thereof. Plaintiffs otherwise deny the remaining allegations in Paragraph No. 79.

80. Denied.

81. Denied.

**COUNT XII**
**(Declaratory Judgment of Invalidity of the ’003 Patent)**

82. Plaintiffs reincorporate and re-allege each of the preceding paragraphs as if fully set forth herein.

83. Paragraph No. 83 contains legal conclusions and/or allegations to which no answer is required. To the extent an answer may be required, Plaintiffs admit that there is an actual

controversy between U.S. Defendants and Plaintiffs regarding Count XII of the Counterclaims. Plaintiffs otherwise deny the remaining allegations in Paragraph No. 83.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied. Plaintiffs are not seeking judgment that the ’003 patent is invalid.

**<u>COUNT XIII</u>**
**(Declaratory Judgment of Non-Infringement of the ’196 Patent)**

89. Plaintiffs reincorporate and re-allege each of the preceding paragraphs as if fully set forth herein.

90. Paragraph No. 90 contains legal conclusions and/or allegations to which no answer is required. To the extent an answer may be required, Plaintiffs admit that there is an actual controversy between U.S. Defendants and Plaintiffs regarding Count XIII of the Counterclaims. Plaintiffs otherwise deny the remaining allegations in Paragraph No. 90.

91. Denied.

92. Paragraph No. 92 contains legal conclusions and/or allegations to which no answer is required. To the extent an answer may be required, Plaintiffs refer to the ’196 patent for the contents thereof. Plaintiffs otherwise deny the remaining allegations in Paragraph No. 92.

93. Denied.

94. Denied.

**COUNT XIV**
**(Declaratory Judgment of Invalidity of the '196 Patent)**

95. Plaintiffs reincorporate and re-allege each of the preceding paragraphs as if fully set forth herein.

96. Paragraph No. 96 contains legal conclusions and/or allegations to which no answer is required. To the extent an answer may be required, Plaintiffs admit that there is an actual controversy between U.S. Defendants and Plaintiffs regarding Count XIV of the Counterclaims. Plaintiffs otherwise deny the remaining allegations in Paragraph No. 96.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

101. Denied. Plaintiffs are not seeking judgment that the '196 patent is invalid.

**JURY DEMAND**

102. Paragraph No. 102 contains legal conclusions and/or allegations to which no answer is required. To the extent an answer may be required, Plaintiffs admit that U.S. Defendants purport to demand a jury trial.

**PRAYER FOR RELIEF**

Plaintiffs deny that U.S. Defendants are entitled to any relief, either as prayed for in the Counterclaims or otherwise.

**PLAINTIFFS' DEFENSES**

Without prejudice to the denials set forth in this Answer and Defenses to the Counterclaims and to the ability to amend this Answer and Defenses to the Counterclaims to seek and allege any

and all defenses not presently known or that are revealed during the course of discovery or otherwise, Plaintiffs assert the following defense in response to the Counterclaims:

**Failure to State a Claim Upon Which Relief Can Be Granted**

Dated: May 22, 2026

**VENABLE LLP**

*/s/ Daniel A. O'Brien*
Daniel A. O'Brien (# 4897)
1201 N. Market Street, Suite 1400
Wilmington, DE 19801
(302) 298-3523
daobrien@venable.com

*Counsel for Plaintiffs*

OF COUNSEL

Dominick A. Conde
Damien N. Dombrowski
Joshua D. Calabro
**VENABLE LLP**
151 West 42nd Street
New York, NY 10036
(212) 307-5500
dconde@venable.com
ddombrowski@venable.com
jdcalabro@venable.com

**CERTIFICATE OF SERVICE**

I, Daniel A. O'Brien, hereby certify that on this 22nd day of May, 2026, a copy of the foregoing document was electronically filed with the court and served via CM/ECF, on parties with counsel of record identified on the Court's docket.

*/s/ Daniel A. O'Brien*
Daniel A. O'Brien (No. 4897)